

FILED

Jan 09 2024, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Kunz
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Kathy Bradley
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven T. Lakes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 9, 2024<br><br>Court of Appeals Case No.<br>23A-CR-1442<br><br>Appeal from the Franklin Circuit Court<br><br>The Honorable J. Steven Cox, Judge<br><br>Trial Court Cause No.<br>24C01-2105-F3-336 |

**Opinion by Judge Weissmann**
Chief Judge Altice and Judge Kenworthy concur.

**Weissmann, Judge.**

[1] Police stopped Steven Lakes for a traffic violation and found that he possessed sizeable amounts of methamphetamine and a substance resembling marijuana that tested positive for the "presence of marijuana." For this, a jury found Lakes guilty of dealing in and possession of methamphetamine, possession of marijuana, and two other drug-related crimes.

[2] On appeal, Lakes argues that the State presented insufficient evidence to support his conviction for possession of marijuana. He also alleges, and the State concedes, that his possession of methamphetamine conviction should be vacated on double jeopardy grounds. We agree on both fronts and thus reverse Lakes's possession of marijuana conviction and remand for the trial court to vacate his conviction for the possession of methamphetamine.

## Facts

[3] Brookville Police Lieutenant Ryan Geiser initiated a traffic stop of Lakes for failing to signal before turning and because Lakes's vehicle had an excessively loud muffler. During the stop, Lieutenant Geiser detected a strong odor of marijuana coming from inside Lakes's vehicle. A subsequent search of the vehicle revealed a clear bag with a substance that field-tested positive for marijuana. The search also revealed 10 grams of methamphetamine, a digital scale, a smoking pipe, and a small container holding pills of the controlled substance buprenorphine.

[4] The State charged Lakes with five crimes: (1) Level 3 felony dealing in methamphetamine; (2) Level 5 felony possession of methamphetamine; (3) Class A misdemeanor possession of a controlled substance; (4) Class B misdemeanor possession of marijuana, and (5) Class C misdemeanor possession of paraphernalia. A jury found Lakes guilty of all charges, and the trial court sentenced him to 15 years imprisonment. On appeal, Lakes challenges only his convictions under counts 2 and 4.

## Discussion and Decision

### I. The State Presented Insufficient Evidence to Prove that Lakes Possessed Marijuana.

[5] When reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences that support the judgment. *Hall v. State*, 177 N.E.3d 1183, 1191 (Ind. 2021). A conviction will be affirmed unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.* We do not reweigh the evidence or judge the credibility of the witnesses. *Id.*

[6] To convict Lakes of the possession of marijuana, the State needed to prove, beyond a reasonable doubt, that he knowingly or intentionally possessed marijuana. Ind. Code § 35-48-4-11(a)(1). The Indiana Code defines "marijuana" as "any part of the plant genus Cannabis whether growing or not; the seeds thereof; the resin extracted from any part of the plant, including hashish and hash oil; any compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin." Ind. Code § 35-48-1-19(a). This

definition does not encompass hemp. "Hemp" refers to "the plant Cannabis sativa L. and any part of that plant . . . with a delta-9-tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis." Ind. Code § 15-15-13-6.

[7] These statutory definitions inspire Lakes's claim. Read together, they distinguish legal and illegal cannabis substances by their concentration of delta-9-THC. *Toledo Rojo v. State*, 202 N.E.3d 1085, 1088 (Ind. Ct. App. 2022), *trans. denied*. At bottom, "to be illegal, the concentration of delta-9-THC must be more than 0.3%." *Id.* As a recent decision of this Court put it:

> Our General Assembly has established a clear distinction between legal hemp and illegal marijuana based on the THC concentration present in the plant material, the effect being to now require the State to prove beyond a reasonable doubt that a substance is marijuana by proving that the substance's delta-9-THC concentration exceeds 0.3% on a dry weight basis.

*Fritz v. State*, No. 22A-CR-2340, 2023 WL 7478355, at *8 (Ind. Ct. App. Nov. 13, 2023).

[8] This Court has lately vacated several marijuana convictions for the State's failure to make this showing. *See, e.g.*, *id.* at *8; *Toledo Rojo*, 202 N.E.3d at 1087-90; *Fedji v. State*, 186 N.E.3d 696, 707-09 (Ind. Ct. App. 2022). The common thread in each of these cases was the State's failure to present evidence establishing the THC concentration in the alleged marijuana. So too here.

On the record before us, the only evidence that could be interpreted as establishing the delta-9-THC concentration of Lakes's substance is that Lieutenant Geiser conducted a field test that revealed "a positive presence of marijuana." Tr. Vol. III, p. 155. The details about how the field test arrived at this conclusion were not explained at Lakes's trial. And though the State sent the suspected methamphetamine to the Indiana State Police Lab for further testing, the suspected marijuana was not tested.

This leads to the fatal flaw underpinning Lakes's marijuana conviction: with the legalization of hemp, Lieutenant Geiser's generic statement no longer satisfies the State's burden of proof. Although "the State [does] not need to prove the exact percent concentration of THC," it must still "prove the substance possessed was marijuana." *Fedij*, 186 N.E.3d at 709. Because the difference between marijuana and hemp turns on whether the concentration of delta-9-THC exceeds 0.3% and the State did not make this showing here, insufficient evidence supports Lakes's marijuana conviction.

The State's arguments to the contrary fall flat. First, it alleges that Lakes essentially admitted that the substance was illegal marijuana when he described it as "weed." Appellee's Br., p. 12. But given the legalization of some forms of the cannabis plant, it is no longer clear beyond a reasonable doubt whether "weed" excludes legal products. *See also Fritz*, 2023 WL 7478355, at *8 (rejecting a similar confession because "it is well-settled that a person may not be convicted of a crime based on a nonjudicial confession of guilt"). Nor does Lieutenant Geiser's experience and expertise in identifying marijuana establish

the substance as the illegal form of the cannabis plant. *See id.* (citing *Fedij*, 186 N.E.3d at 709).

[12] Though each being insufficient on its own, the State asserts that Lakes's admission and Lieutenant Geiser's identification combine to create a sufficient basis for Lakes's conviction. To be sure, a handful of prior cases have taken the State's view. For example, in *Doolin v. State*, this Court held that a police officer's "experience, training, and personal observations, along with other circumstantial evidence, sufficiently established the identity of the substance as marijuana." 970 N.E.2d 785 (Ind. Ct. App. 2012) (collecting cases). But these cases pre-date the existence of legal hemp. Ind. Code § 35-48-1-19(b)(6) (2014) (redefining "marijuana" to exclude "industrial hemp"); Ind. Code § 35-48-1-19(b)(6) (2019) (changing the exception to simply "hemp"). Thus, the cases the State cites did not require a determination of the alleged marijuana's delta-9-THC concentration, subsequently lowering the evidentiary bar for the circumstantial evidence to clear. Accordingly, we find the State's cited cases inapposite on this point.

[13] Finding insufficient evidence to support it, we reverse Lakes's Class B misdemeanor possession of marijuana conviction.

## II. Lakes's Conviction for Possession of Methamphetamine is Vacated on Double Jeopardy Grounds.

[14] Lakes next asks this Court to vacate his conviction for possession of methamphetamine because it is a lesser-included offense to his dealing

conviction and is based on the same underlying facts. With the State conceding that this argument is correct, we agree and remand for the trial court to vacate Lakes's possession of methamphetamine conviction.

[15] Reversed and remanded.

Altice, C.J., and Kenworthy, J., concur..